Marion Dodd Gopcevic v. Commissioner.
Gopcevic v. Commissioner
Docket No. 2677.
United States Tax Court
1944 Tax Ct. Memo LEXIS 41; 3 T.C.M. (CCH) 1216; T.C.M. (RIA) 44373; November 20, 1944
*41 Money expended for the restoration of roof supports of a warehouse, out of alignment due to subsidence of subsoil, held, to represent repairs and hence deductible from petitioner's gross income. Nathan Moran, Esq., 41 Sutter St., San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $1,122.26 in the petitioner's income tax for the year 1941. The sole issue is whether the sum of $3,286.72 claimed as a deduction, represented money expended for the repair of a warehouse or constituted a capital expenditure. The inclusion of such amount in the petitioner's income resulted in an additional tax of $824.31. Findings of Fact The petitioner is a married woman, a citizen of California, and a resident of Lake County in that State. She manages a ranch in that County. She filed her income tax return for the year 1941 with the collector of internal revenue for the first district of California. The income herein involved was derived from her separate property and was her separate property. Twenty-five or thirty years prior to 1931, the petitioner acquired from her *42 husband, by gift, a lot of land in San Francisco fronting 412 1/2 feet on Chestnut Street and extending back with uniform width a distance of 137 1/2 feet. On the lot there was erected a one-story warehouse building of brick construction with a metal roof, covered by tar and gravel. The roof trusses are supported by posts. The rear half of the warehouse is built on high land, outcroppings from Telegraph Hill, while the front half rests on filled ground formerly about 20 feet under the water line of San Francisco Bay. The building was rented for $800 per month. The filled ground subsided or sank toward the Bay, thereby causing the posts supporting the roof to shift in that direction to such an extent that, in 1941, the collapse of the entire warehouse was threatened. The building inspector of San Francisco notified the petitioner's attorney that unless something was done the building had to be evacuated. The uneven subsidence of the subsoil was the sole cause for making the repairs hereinafter mentioned. During the fall of 1941, upon the recommendation of her engineer, the petitioner employed a contractor named Tassi to straighten the roof supports and insert small fill plates. The *43 work was completed and in 1941 the petitioner paid Tassi $3,286.72 therefor. No new posts or columns were used, but some were spliced and braced. No repairs were made to the roof. The work done by Tassi constituted a repair. It restored to a correct position roof supports which had become out of plumb due to natural causes. The respondent disallowed the deduction of $3,286.72, holding that such expenditure resulted in an improvement and betterment which extended the life of the building. Opinion VAN FOSSAN, Judge: The sole issue is whether the amount paid by the petitioner to the contractor Tassi for work done on the roof support columns of her warehouse is deductible as a sum paid for repairs or constitutes a capital expenditure. In Illinois Merchants Trust Company, Executor, 4 B.T.A. 103, we outlined the character of repairs and additions to capital investment as follows: In determining whether an expenditure is a capital one or is chargeable against operating income, it is necessary to bear in mind the purpose for which the expenditure was made. To repair is to restore to a sound state or to mend, while a replacement connotes a substitution. *44 A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. The one is a maintenance charge, while the others are additions to capital investment which should not be applied against current earnings. The facts in the case at bar patently bring it within the definition of maintenance and repairs. The work done by Tassi merely restored the warehouse to its former operating condition. The restoration to plumb of the roof supports did not increase the value of the property or make it adaptable to a different use. It prolonged the useful life of the building only in the negative sense that if the repairs had not been made the roof might have collapsed and the warehouse would have been ruined. The estimated *45 useful life of the property was not increased by the treatment of the roof supports - it was only brought back to its original span. See Illinois Merchants Trust Company, Executor, supra, and numerous other later cases to the same effect. See also Regulations 103, section 19.23(a)-4. [1]
The respondent argues that the amount expended was for permanent betterment and improvement that rendered the property better suited for the purpose for which it is used. There is no evidence to sustain this contention. After the repairs, the warehouse was used precisely for the same purpose as before and except for the matter of *46 safety was no better adapted to that use than before. The facts present a clear case of a repair operation, the cost of which is deductible as contemplated by the statute and, therefore, that cost, $3,286.72, is allowed as a deduction from the petitioner's gross income. Decision will be entered under Rule 50. Footnotes
1. SEC. 19.23(a)-4. Repairs. - The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, should be charged against the depreciation reserve if such account is kept.↩